IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

CHARLES THOMAS ATKINSON-SEAL                                    PLAINTIFF

v.                                            CIVIL NO. 1:24-cv-00371-HSO-BWR

PEARL RIVER COUNTY, MISSISSIPPI                                 DEFENDANT

<u>ORDER OF DISMISSAL WITHOUT PREJUDICE</u>

This matter is before the Court sua sponte. After considering the record and relevant legal authority, the Court finds that this civil action should be dismissed without prejudice under Federal Rule of Civil Procedure 4(m) for Plaintiff Charles Thomas Atkinson-Seal's failure to timely serve process.

## I. <u>BACKGROUND</u>

Plaintiff filed this *pro se* Complaint under 42 U.S.C. § 1983 on December 6, 2024. Compl. [1] at 3. He names Pearl River County, Mississippi, as Defendant, Order [12] at 1, and claims that he was denied adequate medical care while housed as an inmate at the Lenoir Rowell Criminal Justice Center in Poplarville, Mississippi, Compl. [1] at 2-5. On June 4, 2024, "upon intake," Plaintiff advised his custodians that he "need[s] blood thinners." *Id*. at 5. Plaintiff alleges that he was denied the necessary medication and developed "a blood clot in [his] left leg" as a result. *Id*. He was eventually treated at "Picayune Hospital" but was again denied adequate medical care when he returned to jail. *Id*. Plaintiff requests "proper medical attention for [his] leg," along with $30,000.00 "for pain and suffering" and $30,000.00 "for future medical [bills]." Att. [15] at 1. He is now housed at the South Mississippi Correctional Institution in Leakesville, Mississippi. Resp. [17] at 1.

Plaintiff paid the $405.00 filing fee for this civil action on January 6, 2025. On March 7, 2025, the Court directed him to, on or before June 5, 2025, "properly serve Defendant with process and file proof of that service of process in the record of this case." Order [14] at 1. Plaintiff was warned "[t]hat failure to have Defendant properly served with process within 90 days of the date of this Order may result in the dismissal of this civil action." *Id*. at 2 (citing FED. R. CIV. P. 4(m)). Plaintiff was also warned that "[a] failure to timely comply with the Orders of the Court or to advise the Court about a change of address . . . may result in the dismissal of this case without prejudice and without further written notice." *Id*. To facilitate Plaintiff's efforts, the Court provided him with a copy of Federal Rule of Civil Procedure 4, the Court's standard summons form, and its standard notice of lawsuit and request to waive service of a summons form. *Id*. at 1. The Order Requiring Plaintiff to Serve Process [14] was mailed to Plaintiff at his last-known mailing address, and it was not returned as undeliverable. Plaintiff did not comply with the Court's Order [14] by the June 5 deadline; rather, he filed a List of Requested Relief [15] on March 10, 2025.

On June 11, 2025, Plaintiff was given an extension of time, to and including June 25, 2025, within which to serve process on Defendant. Order [16] at 2. He was ordered, on or before that date, "to file proof of valid and timely service of process on Defendant Pearl River County . . . or to show good cause in writing for his failure to timely perfect service of process." *Id*. Plaintiff was "again warned that it is his responsibility to prosecute this case" and that his failure to timely

serve process may result in the dismissal of his claims "without prejudice and without further notice." *Id.* The Order to Show Cause [16] and a copy of the Court's March 7 Order [14] were mailed to Plaintiff at his last-known mailing address, and they were not returned as undeliverable.

Plaintiff did not file proof of valid and timely service of process by the June 25 deadline. Instead, he filed a Response [17] to the Court's Order to Show Cause [16], advising that he "mailed the serv[ice] papers to every body [he] can think of and [he] get[s] the same responce [*sic*]." Resp. [17] at 1. That is, representatives for Pearl River County "just return them unsigned." *Id.* Plaintiff reported that his mother was also unsuccessful at serving process, but they "are willing to pay the server . . . fee so [he doesn't] get [his] lawsuit thrown out." *Id.* But to date, Plaintiff has provided no excuse for his failure to hire a formal process server.

On July 8, 2025, the Court entered a Second and Final Order to Show Cause, directing Plaintiff to "explain why this case should not be dismissed for failure to comply with the Court's Orders [16] [14]." Order [18] at 3. Plaintiff was directed to file a written response on or before July 22, 2025. *Id.* Also by the July 22 deadline, Plaintiff was directed to "fil[e] proof of valid and timely service of process on Defendant Pearl River County, which may require him to hire a formal process server." *Id.* Plaintiff was again warned "[t]hat failure to timely comply with the requirements of this Order or to advise the Court of a change of address . . . will result in this lawsuit being dismissed without prejudice and without further notice to him." *Id.* (emphasis omitted). Plaintiff was cautioned that this was his "final

3

opportunity to comply with the Court's Orders [16] [14]." *Id*. The Second and Final Order to Show Cause [18], a copy of the Court's March 7 Order [14], and a copy of the Court's June 11 Order [16] were mailed to Plaintiff at his last-known mailing address, and they were not returned as undeliverable.

Again, Plaintiff did not file proof of valid and timely service of process by the July 22 deadline. Instead, on July 25, 2025, the Clerk of Court received by mail a document purportedly signed by Plaintiff's mother, advising the Court that she delivered the summons to the County Attorney's Office in Poplarville, Mississippi, but was again unsuccessful at perfecting service of process. The Clerk of Court did not accept these papers for filing because they were not signed by Plaintiff. *See* FED. R. CIV. P. 11(a) ("Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented."). Plaintiff was advised by memorandum from the Clerk of Court that documents filed by another person on his behalf will not be accepted. And in any event, the documents Plaintiff's mother was attempting to file were insufficient to demonstrate valid and timely service of process.

To date, Plaintiff has not filed a return of service with respect to Defendant Pearl River County or otherwise provided the Court with an explanation for his failure to serve process over the course of the past five months.

## II. <u>DISCUSSION</u>

Because Plaintiff "paid the filing fee," he is "responsible for properly serving .

. . [Defendant] with a summons and copy of the complaint in accordance with

[Federal] Rule [of Civil Procedure] 4." *Tasciotti v. Trew*, No. 1:21-cv-00209-TBM-

RPM, 2023 WL 3303119, at *2 (S.D. Miss. May 8, 2023).  Rule 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed,
> the court—on motion or on its own after notice to the plaintiff—must
> dismiss the action without prejudice against that defendant or order
> that service be made within a specified time.  But if the plaintiff shows
> good cause for the failure, the court must extend the time for service for
> an appropriate period.

FED. R. CIV. P. 4(m).  "A litigant's pro se status neither excuses his failure to effect

service nor excuses him for lack of knowledge of the Rules of Civil Procedure."

*Thrasher v. City of Amarillo*, 709 F.3d 509, 512 (5th Cir. 2013) (footnotes omitted).

Plaintiff bears the burden of proving good cause for failure to timely serve process.

*Id.* at 511.  He "must make a showing of good faith and establish some reasonable

basis for noncompliance within the time specified."  *Sys. Signs Supplies v. U.S.*

*Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990) (quotations omitted).

The record does not indicate that Defendant has been properly served, and

Plaintiff has failed to establish good cause warranting another extension of time.

On March 7, 2025, the Court ordered Plaintiff to "properly serve Defendant with

process and file proof of that service of process in the record of this case" by June 5,

2025.  Order [14] at 1.  Since then, the record indicates that Plaintiff made one

unsuccessful attempt at serving process, and he acknowledged that he may need to

hire a formal process server to accomplish his task.  Resp. [17] at 1.  But the record

5

is devoid of any evidence whatsoever that process has yet been served or that Plaintiff has actually hired a process server. Even if the filing initiated by Plaintiff's mother had been accepted, it was also insufficient to demonstrate valid and timely service of process. Thus, no "documentary proof of effective service of process" appears on the Court's docket in this case. *Tasciotti*, 2023 WL 3303119, at *3; *see also* FED. R. CIV. P. 4(l)(1) ("Unless service is waived, proof of service must be made to the court.").

Since his original deadline for service of process expired, Plaintiff has received two extensions of time within which to serve process. Order [16] at 2; Order [18] at 3. In Response [17] to the Order to Show Cause [16], Plaintiff asked the Court to "please help [him] get justice," but he has failed to adequately explain his dilatory behavior. Resp. [17] at 1. Plaintiff has not demonstrated how his incarcerated status has hampered his ability to serve process, nor did he personally file any written response to the Second and Final Order to Show Cause [18].

The Complaint in this case was filed almost 250 days ago. During that time, "Plaintiff has failed to serve process in compliance with Rule 4 despite several notices by the court that such failure may result in dismissal, and [he] has failed to demonstrate good cause to justify further delay." *Anderson v. Wells Fargo Bank*, No. 2:15-cv-00088-KS-MTP, 2016 WL 11477348, at *2 (S.D. Miss. June 28, 2016), *report and recommendation adopted by* 2016 WL 4094909, at *2 (S.D. Miss. Aug. 2, 2016). "[D]ismissal [without prejudice] is appropriate under Federal Rule of Civil Procedure 4(m)." *Id.*

III. <u>CONCLUSION</u>

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, this civil action is **DISMISSED WITHOUT PREJUDICE** under Federal Rule of Civil Procedure 4(m) for Plaintiff Charles Thomas Atkinson-Seal's failure to timely serve process.  A separate final judgment will be entered under Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 6th day of August, 2025.

<u>*s/ Halil Suleyman Ozerden*</u>
HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE

7